**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DDM GARAGE DOORS, INC.,

Plaintiff,

v.

GIGANTIC SALES, INC. a dissolved Michigan corporation d/b/a GIGANTIC GARAGE DOOR PARTS STORE and RANDY R. SMITH a sole proprietorship,

Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DDM GARAGE DOORS, INC. by and through his undersigned counsel, brings this Complaint against Defendants GIGANTIC SALES, INC. a dissolved Michigan corporation d/b/a GIGANTIC GARAGE DOOR PARTS STORE and RANDY R. SMITH a sole proprietorship for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DDM GARAGE DOORS, INC. ("DDM") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute DDM's copyrighted images.

2. DDM is an Illinois corporation with its principal place of business in West Chicago, Illinois, and is a premier supplier of garage doors, parts and accessories throughout the United States and abroad. DDM maintains a large online presence wherein it sells its doors and parts through the use of copyrighted images.

3. Defendant GIGANTIC SALES, INC. is a dissolved Michigan corporation which d/b/a GIGANTIC GARAGE DOOR PARTS STORE ("Gigantic").

4. Defendant RANDY R. SMITH ("Smith") is the owner of Gigantic and operates as a sole proprietorship.

5. At all relevant times Defendants Gigantic and Smith owned and operated the internet website located at URL www.gdpartsstore.com.

6. DDM alleges the Defendants Gigantic and Smith copied DDM's copyrighted images from the internet in order to advertise, market and promote its business activities. Gigantic and Smith committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of its business which directly competes with DDM.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Illinois.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

11. DDM owns the copyright for the following images:




Image 2




Image 3



12. DDM registered the above images with the Register of Copyrights January 25, 2008, August 27, 2015, May 6, 2016 and August 8, 2016 and was assigned the registration numbers TX 6-913-257, TX 8-251-560, TX 8-251-575, and TX 8-244-720. The Certificate of Registrations are attached hereto as Exhibit 1.

13. DDM's work is protected by copyright but is not otherwise considered confidential, proprietary or a trade secret.

14. At all relevant times DDM was the owner of the copyrighted works depicted above.

**INFRINGEMENT BY DEFENDANTS**

15. Defendants have never been licensed to use the copyrighted works at issue in the action for any purpose.

16. After the copyrighted works were registered, but prior to the filing of this action, Defendants copied the works and published them on their website in order to sell competing products.

17. On or about January 22, 2024, Plaintiff observed and discovered the following use of its copyrighted works published on Defendants website as shown here:




https://www.gdpartsstore.com/catalog/details/torsion-springs-3c9f5563-fc73-4539-bfe4-1b02d9c8742b




https://www.gdpartsstore.com/diy-parts-store (a second URL on same site.)




https://www.gdpartsstore.com/diy-parts-store - Slide top images to view them.




https://www.gdpartsstore.com/diy-parts-store - slide top images to view them.

18. Defendants copied DDM's copyrighted work without DDM's permission.

19. After Defendants copied the work, they made further copies and

distributed the work on the internet to promote sales of good and services as part of their business in direct competition with DDM.

20. Defendants copied and distributed DDM's copyrighted work in connection with their business for purposes of advertising and promoting their business, and in the course and scope of advertising and selling products and services.

21. Defendants committed copyright infringement of the work as evidenced by the documents attached hereto as Exhibit 2.

22. DDM never gave Defendants permission or authority to copy, distribute or display the work at issue in this case.

23. DDM notified Defendants of the allegations set forth herein on May 27, 2024. See attached Exhibit 3.

24. To date, Defendants have failed to respond to Plaintiff's notice and the copyrighted works remain on Defendants' website.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

25. DDM incorporates the allegations in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. DDM owns a valid copyright in the works at issue in this case.

27. DDM registered the works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. Defendants copied, displayed, and distributed the works at issue in this case and made derivatives of the works without DDM's authorization in violation of 17 U.S.C. § 501.

29. Defendants performed the acts alleged in the course and scope of their business activities.

30. Defendants' acts were willful.

31. DDM has been damaged.

32. The harm caused to DDM has been irreparable.

WHEREFORE, the Plaintiff DDM GARAGE DOORS, INC. prays for judgment against the Defendants GIGANTIC SALES, INC. a dissolved Michigan corporation d/b/a GIGANTIC GARAGE DOOR PARTS STORE and RANDY R. SMITH that:

a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff actual damages and Defendants profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 29, 2024 Respectfully submitted,

*/s/ Raymond J. Sanguinetti*

Raymond J. Sanguinetti (ARDC# 6244798)
RATHJE WOODWARD LLC
300 East Roosevelt Road, Suite 220
Wheaton, IL 60187
630-510-4917
rsanguinetti@rathjelaw.com

*Counsel for Plaintiff DDM Garage Doors, Inc.*